CONSOLIDATION NAT. BANK OF PHILADELPHIA v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Circuit Court, E. D. Pennsylvania. April 23, 1895.)

No. 40.

PENAL BONDS—CONSTRUCTION—SURETYSHIP FOR EMPLOYE.

A bond of suretyship for an employé of a bank was conditioned for the reimbursement of any loss sustained "by reason of fraud or dishonesty" in connection with his duties. It further provided that any claim made under the bond "shall embrace and cover only for acts and defaults committed during its currency, and within twelve months next before the date of discovery of the act or default upon which such claim is based." *Held*, that the bond covered not only embezzlements made during the year preceding their discovery, but also earlier embezzlements, which would have been discovered within a year from the time they were committed, but for the fact that such discovery was prevented by the act of the employé in falsifying the books during the year preceding the actual discovery.

Rule for a New Trial.

This was an action founded upon two certain bonds executed and delivered by the defendant, the Fidelity & Casualty Company of New York, to the plaintiff, the Consolidation National Bank, of the city of Philadelphia, wherein and whereby, in the first bond, the said

defendant agreed to make good and reimburse to the said plaintiff (at the expiration of three months after proof of loss) such pecuniary loss to the extent of $10,000 as should be sustained by said plaintiff by reason of the fraud or dishonesty of one Theodore F. Baker in connection with his duties as general assistant and clerk while in the service of the plaintiff for the year ending September 3, 1888, at 12 o'clock noon, renewed by agreement to the same day and hour of 1889; and in the second bond, dated September 30, 1889, wherein and whereby the defendant agreed to make good and reimburse to the plaintiff, as before, such pecuniary loss to the extent of $14,000 as should be sustained by said plaintiff by reason of the fraud or dishonesty of the said Baker in connection with his duties as paying teller while in the service of the plaintiff during the year ending September 30, 1890, at noon. The second bond was renewed from year to year, the last renewal being to cover the yearly term ending September 3, 1894. The plaintiff claimed to have lost, through the fraud of said Baker, between September 3, 1887, and September 3, 1889, the sum of $2,300, and between the 30th day of September, 1889, and January 9, 1894, the sum of $14,100. The discovery of the dishonesty of said Baker was first made by the plaintiff on January 9, 1894, and the plaintiff claimed that it was impossible to state with accuracy the details of the fraud, as, by virtue of his positions in the bank, the said Baker was enabled to embezzle moneys which were intrusted to him, and he did embezzle them to the amount averred. By false entries and otherwise he concealed the facts and the dates of his embezzlement.

The conditions of the policy essential to the understanding of the case are as follows:

The defendant agreed to make good and reimburse to the plaintiff "to the extent of the sum of fourteen thousand dollars, and no further, such pecuniary loss, if any, as may be sustained by the employer by reason of fraud or dishonesty of the employed in connection with the duties referred to, * * * which has been committed during the continuance of the said term, or within any renewal thereof, and discovered during said continuance, or within six months thereafter, and within six months from the death, dismissal, or retirement of the employed." "Any willful misstatement or suppression of fact by the employer in any statement or declaration to the company concerning the employed, or in any claim made under this bond, or a removal thereof, renders this bond void from the beginning." "Any claim made under this bond, or a renewal thereof, shall embrace and cover only for acts and defaults committed during its currency, and within twelve months next before the date of discovery of the act or default upon which such claim is based."

The evidence at the trial showed that Baker's misconduct was disclosed on January 10, 1894 (not 9th, as averred in the statement of the plaintiff), when the last renewal had been running 3 months and 10 days only.

The court charged the jury partly as follows:

["The plaintiff is entitled, therefore, to recover its pecuniary loss resulting from this misconduct during the preceding twelve months; that is, it is entitled to recover its pecuniary loss resulting from his misconduct during one year prior to January 10, 1894. This period carries you back to January 10, 1893. The misconduct consisted of embezzling money and in the falsification of books and balance sheets. The embezzlement within the period amounted to $5,000. This sum, with interest, the plaintiff is entitled to re-

cover, if the bond and renewals are sustained, together with such other pecuniary loss, if any, as resulted from Baker's falsification of books and balance sheets within that period. If this latter misconduct prevented the discovery of previous embezzlements, and thus prevented the recovery on this account from the defendant of money which it would otherwise have recovered, the plaintiff is entitled to recover the loss thus sustained during a period of twelve months preceding the time when such embezzlements would have been discovered but for this concealment. In other words, if the evidence satisfies you that the plaintiff would have discovered Baker's misconduct before January 10, 1894, but for the falsification of books and balance sheets, and would, consequently, have been able to hold the defendant responsible for embezzlements made during the twelve months immediately preceding this discovery, you should find against the defendant for this pecuniary loss (in addition to the $5,000)—that is, the amount of embezzlement preceding the time when the embezzlements would have been discovered during the last year, but for the falsification of books and balance sheets. Thus, you see, your inquiry may, and probably will, extend over a period of two years prior to January, 1894. * * * What is the pecuniary loss resulting from his misconduct during that year (ending January 10, 1894)? Clearly it is the amount of embezzlements made during the year (conceded to be $5,000), and also such other loss as may have resulted from his falsification of books, etc., during that period."]

On April 8, 1895, the jury rendered a verdict in favor of the plaintiff of $9,675, whence this rule was taken by defendant, alleging, inter alia, that the court erred in the construction of the bond, and in instructing the jury that they could go back for two years, there being no evidence of any embezzlements within the terms of the bond except those within one year.

George R. Van Dusen and John G. Johnson, for plaintiff.
White, White & McCullen, for defendant.

BUTLER, District Judge. Under the court's construction of the contract the question arose, what embezzlements, if any, occurred within 12 months of the time at which such embezzlements might have been discovered, (during Baker's last year in the bank), but for his misconduct in altering books or falsifying balance sheets? This question was submitted to the jury. The court was not asked to withhold it—on the ground that there was no testimony to justify its submission. It could not however have been withheld if a request to do so had been made, because there was evidence on which something might be found within the period. The defendant admits that a finding of $1,000, would be justifiable. Complaint is made, however, that upwards of $2,000, additional, was found. In submitting the question the jury was reminded that the plaintiff had the burden of proving the amount taken during this time, and that no more could be found than is distinctly proved. The court was misled, by a paper handed up, respecting the period (embraced in the 12 months alluded to) within which the amount claimed was supposed to have been taken; and consequently the jury was instructed that it covered the whole of January, 1892—thus including 10 days back of the 12 months stated. This was an error however against the plaintiff.

A careful examination of the evidence has not satisfied me that the jury found a larger amount of embezzlement during the period in

question, than is justifiable. I think it might have found from the evidence that Baker's misconduct about January, 1893, prevented the plaintiff discovering at that time, the amount with which the plaintiff is charged, as having taken during the period referred to. It is not a question whether the court would so find, but whether the jury might.

The rule is dismissed.